**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION**

| | | |
|---|---|---|
| CORA D. FULMER, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF BETTY ANN ALLEN, DECEASED,<br><br>PLAINTIFFS,<br><br>vs.<br><br>HUNT VALLEY HOLDINGS, LLC F/K/A FUNDAMENTAL LONG TERM CARE HOLDINGS, LLC; FUNDAMENTAL CLINICAL AND OPERATIONAL SERVICES, LLC; FUNDAMENTAL CLINICAL CONSULTING, LLC; FUNDAMENTAL ADMINISTRATIVE SERVICES, LLC; THI OF BALTIMORE, INC.; THI OF SOUTH CAROLINA, LLC; THI OF SOUTH CAROLINA AT GREENWOOD, LLC D/B/A MAGNOLIA MANOR-GREENWOOD,<br><br>DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. NO. _____<br><br><br><br><br><br><br><br><br><br>**CONSENT NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that the above-captioned matter has this date been removed to the United States District Court for the District of South Carolina, Greenwood Division, by filing this Notice and filing in the Court of Common Pleas for Greenwood County a copy of this Notice.

This motion is made jointly by Defendants 1) Fundamental Clinical Consulting, LLC (hereinafter "FCC"); 2) THI of Baltimore, Inc. (hereinafter "Baltimore")[1]; 3) Hunt Valley Holdings, LLC f/k/a Fundamental Long Term Care Holdings, LLC (hereinafter "Hunt Valley")[2]; and 4) Defendant Fundamental Administrative Services, LLC (hereinafter "FAS")(collectively these Defendants are hereinafter referred to as "Removing Defendants") with the unambiguous consent of Defendants 1) THI of South Carolina, LLC (hereinafter "THISC"); 2) Fundamental Clinical and Operational Services, LLC (hereinafter "FCOS"); and 3) THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor-Greenwood (hereinafter "Magnolia Manor-Greenwood")(collectively these Defendants are hereinafter referred to as "Consenting Defendants").  In support thereof, these Defendants would state as follows:

1.      This action pursuant is being removed pursuant to 28 U.S.C. § 1441(a) because it is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a)(1).

2.      Plaintiff Cora D. Fulmer, individually and in her capacity as Personal Representative for the Estate of Betty Ann Allen, commenced this action on November 30, 2015 by filing a Complaint in the Court of Common Pleas for Greenwood County, South Carolina, styled *Fulmer v. Hunt Valley Holdings, et al.*, C.A. No. 2015-CP-24-01183 ("State Court Action").  A copy of the docket sheet and all other documents on file with the Court of Common Pleas in the State Court Action are attached hereto as **Exhibit A**.

---

[1] Subject to its objections to the personal jurisdiction of this Court, Baltimore consents to the removal of this matter.  Baltimore would further assert that a Motion to Dismiss for lack of personal jurisdiction is forthcoming

[2] Subject to its objections to the personal jurisdiction of this Court, Hunt Valley consents to the removal of this matter.  Hunt Valley would further assert that a Motion to Dismiss for lack of personal jurisdiction is forthcoming

3. Copies of Plaintiff's service of process, showing service dates upon each respective Defendant, are attached and filed with the Joint Consent Notice of Removal as **Exhibit B**, which is incorporated herein by reference.

4. This is a proceeding in which Plaintiff alleges various causes of action against the Defendants which arise from and concern the provision of healthcare to Plaintiff's decedent, Betty Ann Allen, while she was a resident at Magnolia Manor, a skilled nursing facility.

5. This Joint Consent Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(2)(B) and 28 U.S.C. § 1446(b)(2)(C) in that the Removing Defendants were each served on December 15, 2015 and are therefore removing within thirty (30) days of receipt of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .". Although the Consenting Defendants were served by the earlier date of December 7, 2015 and did not previously initiate removal within thirty (30) days of receipt of the initial pleading, their joint consent to this removal is nonetheless timely pursuant to the provisions of 28 U.S.C. § 1446(b)(2)(C). These Defendant's respective Consents to Removal are attached hereto as **Exhibit C, Exhibit D, and Exhibit E.**

6. Pursuant to 28 U.S.C. § 1446(d), the Defendants will promptly serve a copy of this Joint Consent Notice of Removal upon counsel for the Plaintiff and will promptly file a copy of the same with the clerk of the Greenwood County, South Carolina, Court of Common Pleas.

**JURISDICTIONAL FACTS, ARGUMENT AND AUTHORITY
DEMONSTRATING REMOVAL IS PROPER**

7. Upon information and belief, at all times relevant to the Complaint, Plaintiff's decedent was a citizen and resident of Greenwood County, South Carolina. (See ¶ 3 of Pltf.

Compl.) [3] Upon information and belief, the named Plaintiff, Cora D. Fulmer, is also a citizen and resident of Greenwood County, South Carolina.

8. At the time of commencement of this proceeding and at all times at issue, Defendant Magnolia Manor-Greenwood was and is a limited liability company organized and existing under the laws of the state of Delaware. A limited liability company is assigned the citizenship of its members. See Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004).

10. Defendant Magnolia Manor-Greenwood's sole member is Defendant THISC, itself a Delaware limited liability company, whose sole member is Defendant Baltimore, a Delaware corporation with its principal place of business in the state of Maryland.

11. For federal diversity jurisdiction purposes, the citizenship of Defendant Magnolia Manor-Greenwood must therefore be determined by the citizenship of its sole member, THISC, and ultimately by THISC's sole member, Defendant Baltimore.

12. "For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business. . . the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC, 636 F.3d 101, 102 (4th Cir. 2011), citing Hertz Corp. v. Friend, 130 S. Ct. 1181, 1186, 175 L. Ed. 2d 1029 (2010).

---

[3] Plaintiff's Complaint alleges that Ms. Allen was a resident of Magnolia Manor-Greenwood in Greenwood, South Carolina yet mistakenly then states that "Magnolia Manor-Greenwood" is in the "County of York, State of South Carolina." While this erroneous allegation, even if true (which it is not), does not and could not affect the diversity of citizenship between the parties, it is nonetheless raised to avoid any mistaken notion of the proper venue for this matter.

13. Accordingly, for federal jurisdiction purposes, Magnolia Manor-Greenwood is a citizen of both Delaware and Maryland given that Defendant Baltimore is a Delaware corporation with its principal place of business in the state of Maryland. As a result, Magnolia Manor-Greenwood, THISC, and Baltimore are all citizens of Delaware and Maryland.

14. Defendant FCOS is a limited liability company organized and existing under the laws of Delaware whose sole member is also Defendant Baltimore. Accordingly, FCOS is deemed to be a citizen of both Delaware and Maryland as well.

15. Defendant FCC is a limited liability company organized and existing under the laws of Delaware, whose sole, non-managing member is Defendant Baltimore. Accordingly, FCC is deemed to be a citizen of both Delaware and Maryland as well.

16. Defendant FAS is a Delaware limited liability company, the sole, non-managing member of which is Defendant Hunt Valley, which itself is a Delaware limited liability company. Hunt Valley has one member: Murray Forman. Mr. Forman is a citizen of the State of New York. Hunt Valley's member is a citizen of the State of New York, Defendant FAS is deemed to be a citizen of New York as well.

17. Complete diversity of citizenship exists between the Plaintiff and all Defendants pursuant to 28 U.S.C. §1332, as Plaintiff and all Defendants are citizens of different states.

18. Venue lies in this Court, *i.e*., the United States District Court for the District of South Carolina, Greenwood Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the District of South Carolina, and the Greenwood County, South Carolina, Court of Common Pleas is located in the Greenwood Division of the District of South Carolina. Venue therefore is proper in this Court because it is in the "district and division embracing the place where such action is pending." *Id.*

19. Plaintiff's Complaint alleges that the negligent acts and omissions by Defendants were the proximate cause of the death of Plaintiff's decedent. These proceedings are of a civil nature and involve a controversy wholly between citizens of different states and the value of the matter in dispute in said cause, upon information and belief, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs, as appears from the allegations contained in Plaintiff's Complaint.  Plaintiff seeks actual and punitive damages from the Defendants, and in light of the allegations alleged by Plaintiff, it is sufficiently probable and/or certain that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.   See Mattison v. Wal-Mart Stores, Inc., C.A. No. 6:10-CV-01739-JMC (D.S.C. Feb. 4, 2011) ("When a specific amount is not specified in the complaint, the object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy.") (internal citations and quotations omitted); Crosby v. CVS Pharmacy, Inc., 409 F. Supp. 2d 665, 668 (D.S.C. 2005) ("This court follows the 'preponderance of the evidence' standard because . . . 'the court is not required to leave its common sense behind' when ascertaining the proper amount in controversy."), quoting White v. J.C. Penney Life Ins. Co., 861 F. Supp. 25, 27 (S.D. W. Va. 1994).

WHEREFORE, Defendants pray that this Court accept this Joint Consent Notice of Removal and that this Honorable Court take jurisdiction of the above-entitled proceeding and all further proceedings in the Court of Common Pleas, Greenwood County, State of South Carolina, be stayed.

[signature block on following page]

        YOUNG CLEMENT RIVERS, LLP


        By:  s/ D. Jay Davis, Jr.
        D. Jay Davis, Jr. Federal I.D. # 6723
        Perry M. Buckner, IV  Federal I.D. #: 11298
        P.O. Box 993, Charleston, SC  29402
        (843) 720-5415;  E-mail:  jdavis@ycrlaw.com
        Attorneys for the Defendants FCC, FAS, Hunt
        Valley, and Baltimore

Charleston, South Carolina

Dated: January 14, 2016