# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF GREENWOOD ) | |
| ) | |
| Cora D. Fulmer as Personal Representative of ) <br> the Estate of Betty Ann Allen ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) ) | |
| ) | 2015-CP -24 - 01187 |
| vs. ) | |
| Hunt Valley Holdings, LLC f/k/a Fundamental ) <br> Long Term Care Holdings, LLC; Fundamental ) <br> Clinical and Operational Services, LLC; ) <br> Fundamental Clinical Consulting, LLC; ) <br> Fundamental Administrative Services, LLC; ) <br> THI of Baltimore, Inc.; THI of South Carolina, ) <br> LLC; THI of South Carolina at Greenwood, ) <br> LLC d/b/a Magnolia Manor of Greenwood ) <br> a/k/a Magnolia Manor-Greenwood ) | RECEIVED <br> DEC 0 8 2015 <br> SC SECRETARY <br> OF STATE <br><br> FILED COMMON PLEAS <br> 8TH JUDICIAL CIRCUIT <br> GREENWOOD, S.C. <br> 2015 NOV 30 PM 2:55 |
| ) | |
| Defendant(s) ) | |

Submitted By: Lara Pettiss Harrill
Address: 1539 Health Care Drive, Rock Hill, SC 29732

| | |
|---|---|
| SC Bar #: | 72603 |
| Telephone #: | 803-327-7800 |
| Fax #: | 803-328-5656 |
| Other: | |
| E-mail: | lharrill@mcgowanhood.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☑ **JURY TRIAL** demanded in complaint.        ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☑ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 2015 -NI-24 - 00004 | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) | ☐ Transfer of Structured | ☐ Worker's Comp (960) |
| | | Settlement Payment Rights | ☐ Zoning Board (970) |
| | | Application (760) | ☐ Public Service Comm. (990) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Petition for Workers | |
| | | Compensation Settlement | ☐ Other (999) |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | Approval (780) | |
| | | ☐ Other (799) | |

SCCA / 234 (10/2014)                                                        Page 1 of 3

## FOR MANDATED ADR COUNTIES ONLY

Aiken, Allendale, Anderson, Bamberg, Barnwell, Beaufort, Berkeley, Calhoun, Charleston, Cherokee, Clarendon, Colleton, Darlington, Dorchester, Florence, Georgetown, Greenville, Hampton, Horry, Jasper, Kershaw, Lee, Lexington, Marion, Oconee, Orangeburg, Pickens, Richland, Spartanburg, Sumter, Union, Williamsburg, and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

SCCA / 234 (10/2014)                                                    Page 3 of 3

☐ Sexual Predator (510)

**Submitting Party Signature:** *[signature]*    **Date:** Nov 24 2015

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
)
COUNTY OF GREENWOOD )   C.A. File No. 2015-CP-24 - 01193

)
)
Cora D. Fulmer, Individually and as )
Personal Representative for the )
Estate of Betty Ann Allen, )
deceased, )
)
Plaintiff, )
)                    Summons
)
vs. )
)
Hunt Valley Holdings, LLC f/k/a )
Fundamental Long Term Care )
Holdings, LLC; Fundamental Clinical )
and Operational Services, LLC; )
Fundamental Clinical Consulting, )
LLC: Fundamental Administrative )
Services, LLC; THI of Baltimore, Inc.; )
THI of South Carolina, LLC; )
THI of South Carolina at Greenwood, )
LLC d/b/a Magnolia Manor - )
Greenwood, )
)
Defendants. )
_____ )

FILED COMMON PLEAS
8TH JUDICIAL CIRCUIT
GREENWOOD, S.C.
2015 NOV 27 PM 2:56

TO:   THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber at her office at 1539 Health Care Drive, Rock Hill, South Carolina, 29732, within thirty (30) days from the service hereof, exclusive of the date of such service; and if you fail to Answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

Lara Pettiss Harrill, Esquire
MCGOWAN, HOOD & FELDER, LLC
1539 Health Care Drive
Rock Hill, South Carolina 29732
Telephone: (803) 327-7800
Facsimile: (803) 328-5656
lharrill@mcgowanhood.com

Rock Hill, South Carolina
November 24, 2015

STATE OF SOUTH CAROLINA  )       IN THE COURT OF COMMON PLEAS
                         )
COUNTY OF GREENWOOD      )       C.A. File No. 2015-CP-24 - _01187_
                         )
                         )
Cora D. Fulmer, Individually and as    )
Personal Representative for the        )
Estate of Betty Ann Allen,             )
deceased,                              )
                                       )
               Plaintiff,              )       **COMPLAINT**
                                       )
                                       )     *Wrongful Death/Survival Action*
       vs.                             )       **(Jury Trial Requested)**
                                       )
Hunt Valley Holdings, LLC f/k/a        )
Fundamental Long Term Care             )
Holdings, LLC; Fundamental Clinical    )
and Operational Services, LLC;         )
Fundamental Clinical Consulting,       )
LLC; Fundamental Administrative        )
Services, LLC; THI of Baltimore, Inc.; )
THI of South Carolina, LLC;            )
THI of South Carolina at Greenwood,    )
LLC d/b/a Magnolia Manor -             )
Greenwood,                             )
                                       )
               Defendants.             )
_____)

**TO:  THE ABOVE NAMED DEFENDANTS:**

Plaintiff, by and through her undersigned counsel, for her Complaint against the

above named Defendants do hereby respectfully alleges as follows:

<u>**PARTIES AND JURISDICTION**</u>

1.  The Plaintiff, Cora D. Fulmer, is the Personal Representative of the

    Estate of Betty Ann Allen (hereinafter "Decedent").  She brings this

    action on behalf of the Estate of the Decedent for damages

    recoverable pursuant to section 15-5-90, Code of Laws of South

1

Carolina (1976, as amended) and for damages recoverable by the statutory beneficiaries of the decedent pursuant to section 15-51-10, et. seq., Code of Laws of South Carolina (1976, as amended).

2. That Plaintiff, Cora D. Fulmer, Clyde Jackson Cockrell, Rosa Katherine Burdette and Johnny Steven Trail are all children of the deceased, beneficiaries of the Estate and Claimants for purposes of this action.

3. Decedent Betty Ann Allen was, at all times relevant hereto, a resident of THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor - Greenwood in the County of York, State of South Carolina.

4. Defendant Hunt Valley Holdings, LLC f/k/a Fundamental Long Term Care Holdings, LLC (hereinafter "Hunt") is, upon information and belief, a for profit entity incorporated under the laws of the State of Delaware managing and/or operating the entity known as THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor - Greenwood doing business in the State of South Carolina with no registered agent in the state.

5. Defendant THI of South Carolina, LLC (hereinafter "THI SC") is, upon information and belief, the governing body of THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor - Greenwood.  THI SC is a for profit entity incorporated under the laws of the State of Delaware, doing business in the State of South Carolina.

6. Upon information and belief Defendant Fundamental Clinical and Operational Services, LLC  (hereinafter "Fundamental COS") is a for

2

profit entity incorporated under the laws of the State of Delaware, and is the management company of THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor - Greenwood providing consultants, policies and procedures and back office support.

7. Upon information and belief, Fundamental Clinical Consulting, LLC (hereinafter "FCC" ) is a for profit entity incorporated under the laws of the State of Delaware, and is the company that provides consultants and operational support  to THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor – Greenwood.

8. Upon information and belief, Fundamental Administrative Services, LLC (hereinafter "FAS") is also a for profit entity incorporated under the laws of the State of Delaware, and provides back office and management support to THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor – Greenwood.

9. Upon information and belief,  THI of Baltimore, Inc. is a for profit entity incorporated under the laws of the State of Delaware, and at least at some time during the time in question, was a management company for THI of South Carolina at Greenwood, LLC d/b/a Magnolia Manor - Greenwood

10. THI of South Carolina at Greenwood, LLC (hereinafter "THI of Greenwood") is the licensee of Magnolia Manor - Greenwood, doing business as Magnolia Manor - Greenwood (hereinafter "Magnolia"). THI of Greenwood is a for profit entity incorporated under the laws of

3

the State of Delaware, licensed and doing business in the County of
Greenwood, State of South Carolina.

11. Defendants own, operate, manage, and oversee THI of Greenwood
d/b/a Magnolia which is a nursing home facility doing business in the
County of Greenwood, State of South Carolina.

12. At all times relevant hereto, Decedent Betty Ann Allen was a resident
at Magnolia and there existed a resident/patient relationship between
Mrs. Allen and Defendants, and therefore Plaintiff was entitled to all the
protections afforded such residents by both the state and federal
governments.

13. At all times relevant hereto, THI of Greenwood d/b/a Magnolia
delivered nursing home care for a fee and had authority, express or
implied, to control the means and agencies employed to execute the
delivery of nursing home care to Decedent during his residency.

14. Upon information and belief, at all times relevant hereto, Hunt, THI SC
and Fundamental COS, FCC, FAS, THI of Baltimore (hereinafter
"Fundamental Defendants") were involved in the ownership, operation,
and /or management of nursing homes for profit including Magnolia.
Further, the Fundamental Defendants exerted managerial control and
operational control over Magnolia, and that such control was so
extensive and pervasive that the Fundamental Defendants actually
operated, managed and did business as Magnolia. Further, the control

4

was so extensive and pervasive over Magnolia, that the business of Magnolia was the business of the Defendants.

15. Upon information and belief, at all times relevant hereto, all Defendants are or have been involved in budget, staffing, training, supervision, development, management, consulting and implementation of policies and procedures for Magnolia and have directly controlled the operations at Magnolia.

16. Upon information and belief, at all times relevant hereto, the Defendants have promulgated and established the policies, procedures, protocols, staffing decisions, and budgetary decisions at Magnolia, and have directly controlled said facility.

17. Upon information and belief, at all times relevant hereto, the deficiencies at Magnolia were authorized, approved and ratified by all Defendants named herein.

18. At all times relevant to this action, physicians, nurses, residents, interns and staff health care providers for Decedent were employees and/or agents of the Defendants, or were apparent agents and were acting within the course and scope of their employment and/or agency or apparent agency.

19. The negligent acts, omissions and liability of the Defendants includes its agents, principals, employees and/or servants, both directly and vicariously, pursuant to principals of non-delegable duty, corporate

liability, apparent authority, agency, ostensible agency and/or respondeat superior.

20. The acts and omissions referred to herein occurred at Defendants skilled nursing facility, Magnolia Manor – Greenwood, in Greenwood County, South Carolina.

21. That the court has jurisdiction over all the parties and subject matter.

22. That this matter was previously filed as a Notice of Intent C.A. No. 2015NI2400004 with the required expert affidavits.

**JOINT AND SEVERAL LIABIILTY**

23. The above named Defendants are jointly and severally liable for all damages alleged herein since their negligent, grossly negligent, reckless and wanton acts and omissions, singularly or in combination, are the contributing proximate cause of the Plaintiff's damages, injuries, losses, and ultimate death.

**GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

24. Mrs. Allen was initially admitted to Magnolia on January 13, 2012 with multiple diagnoses and requiring rehabilitation after being hospitalized related to congestive heart failure.

25. Mrs. Allen was considered to be at Magnolia for long term placement due in part to her rheumatoid arthritis and limitation of motion due to her debility and gross muscle wasting.

26. On February 12, 2013 the records indicates that Mrs. Allen was found lying on the floor on her left side complaining of pain.

6

27. She was sent to the hospital where she was diagnosed with a pelvic fracture which was managed conservatively secondary to her multiple medical conditions.  She was put in traction and evaluated by physical and occupational therapy.

28. She returned to Magnolia on February 15, 2013.

29. On March 20, 2013, Mrs. Allen was transferred again to the emergency department following an outbreak of norovirus at Magnolia and her increased confusion.  She was diagnosed with a urinary tract infection and sepsis.

30. The family reported that March 20, 2013 was the first time they had seen Mrs. Allen as the facility was under quarantine due to norovirus.

31. Further, according to family and medical records, Mrs. Allen continued to decline following her pelvic fracture.  She continued to have increasing confusion, weight loss, dehydration and infections.

32. She was admitted to hospice services on April 18, 2013 and passed on April 29, 2013

33. That while residing at Defendants' facility, Mrs. Allen was damaged and injured as a result of neglect, negligence, negligence per se, breach of fiduciary duty and violations of the standard of care as applies to skilled nursing facilities.

34. That prior to decedent's death the acts and omissions of Defendants cause, and were the proximate causes of conscious pain and suffering and mental distress.  Pursuant to S.C. Code §15-5-90, these causes of

7

action survive the death of decedent and are properly brought by the Personal Representative on behalf of the decedent's estate.

## FOR A FIRST CAUSE OF ACTION
### Negligence

35. Plaintiff re-alleges and reiterates paragraphs 1 through 33 as though fully set forth herein verbatim and further alleges:

36. While residing at Defendants' facility, Mrs. Allen was damaged and injured as a result of abuse, neglect, negligence, negligence per se, breach of fiduciary duty and violations of nursing care.

37. Defendants had a duty to treat the Decedent at a level that met or exceeded the national standard of care, which Defendants breached.

38. Defendants, by and through their agents, servants, and employees were negligent, reckless, grossly negligent, willful, wanton and careless in their treatment of the Decedent and that Defendants performed duties in a manner well below the nationally recognized standard of care for the same or similar provisions in the same or similar circumstances.

39. Mrs. Allen was completely dependent upon the care provided by the employees and agents of Defendants in order to live her life.

40. At all times relevant hereto, Defendants were required to exercise due care in the supervision and care of their residents to prevent the occurrence of new adverse health conditions and to prevent currently existing adverse health conditions from deteriorating.

8

41. The provisions of The Omnibus Budget Reconciliation Act of 1987 (OBRA) were applicable with regard to Mrs. Allen. Defendants were under an obligation to follow all rules and regulations of OBRA as well as all applicable state and federal laws, rules, regulations, and guidelines including S.C. Regulations 61-17, The South Carolina Omnibus Adult Protection Act and the South Carolina Nurse Practice Act, S.C. Code § 40-33-5 et. seq.

42. The Defendants held Magnolia out to the State of South Carolina, the South Carolina Department of Health and Environmental Control, the public at large, and to Betty Ann Allen and her family specifically, as being:

    a. skilled in the performance of nursing, rehabilitative, and other medical support services;

    b. properly staffed, supervised and equipped to meet the total needs of its residents;

    c. able to specifically meet the total needs of nursing, personal care, medical, and physical therapy, and

    d. licensed by the South Carolina Department of Health and Environmental Control and complying on a continual basis with all state and federal rules, regulations, and standards established for nursing homes in South Carolina.

43. Defendants did undertake the duty to render skilled nursing care to Mrs. Allen in accordance with the prevailing and acceptable professional standards of care for skilled nursing facilities and its employees and agents in the national community.

9

44. Notwithstanding said undertaking and while Mrs. Allen was under the care of Defendants by and through its agents, servants, and employees, was negligent, willful, wanton, reckless, careless and grossly negligent and deviated from the expected standards of skill, care, and learning in their treatment of Mrs. Allen. More particularly the Defendants were negligent in the following particulars:

    a.    failing to provide the care, supervision and monitoring of patients, residents, and in particular Mrs. Allen, which was required by law and which was necessary for her health and safety;

    b.    failing to hire, train, and supervise personnel to properly prevent injuries to residents and, in particular, Mrs. Allen;

    c.    failing to abide by applicable federal and state laws governing long term care facilities, and nursing care in general;

    d.    failing to follow the licensing and regulatory rules of the State of South Carolina;

    e.    failing to provide adequate funding to ensure proper safety, training and supervision;

    f.    failing to properly supervise and train staff who were present;

    h.    failing to properly document the medical records of the resident;

    i.    failing to properly notify the physician of a change of condition;

    i.    failing to appropriately communicate with the family regarding Mrs. Allen's conditions;

    j.    failing to provide sufficient numbers of qualified personnel including nurses, nurses assistants, medication aides, and/or orderlies to meet the total needs of its residents;

k.    failing to see that proper medical care and attention was provided to residents, and in particular Mrs. Allen;

l.    failing to ensure compliance with state and federal regulations requiring actions to protect the safety and health of residents, so as to constitute negligence per se;

m.    failing to follow the policies and procedures of the facility;

n.    failing to properly monitor and respond to Mrs. Allen's conditions and symptoms;

o.    failing to properly and adequately assess, monitor and protect Mrs. Allen;

p.    failing to monitor and assess Mrs. Allen adequately for pain and discomfort;

q.    by other negligent acts and/or omissions yet to be determined or defined.

45. As a direct and proximate result of the negligence and carelessness of Defendants, Mrs. Allen experienced injuries to her mind and body, causing her to experience pain and suffering and ultimately death.

46. The aforesaid acts and omissions were the sole and proximate cause of Betty Ann Allen's death.

47. The Defendants independently and through their managers, officers and others yet unknown, demonstrated conscious and intentional disregard of and indifference to the rights and safety of Betty Ann Allen and other patients at Magnolia as demonstrated by:

a. their business practice of attempting to care for residents with an inadequate number of trained staff, which their officers and managers knew or should have known were reasonably likely to result in injury to Betty Ann Allen and their other patients; and

11

    b. their business practice of failing to supervise and train their staff in order to ensure that their policies and procedures were known to and adhered to by licensed staff and that licensed staff practiced within their scopes of practice.

48. The Plaintiff is also entitled to punitive damages for the Defendants' willful and wanton conduct, and the Defendants' recklessness which was such as to evince a conscious disregard for the safety of others.

<strong><u>FOR A SECOND CAUSE OF ACTION</u><br><u>Negligence Per Se</u></strong>

49. The Plaintiff re-alleges and reiterates paragraphs 1 through 47 as though fully set forth herein verbatim and further alleges:

50. In addition to the above, Plaintiff alleges that Defendants have been negligent per se in their violations of sections of federal and state regulations, which are included but not limited to, OBRA (Omnibus Budget Reconciliation Act of 1987), S. C. Regulations 61-17, the South Carolina Omnibus Adult Protection Act, and the Nurse Practice Act.

51. Each and/or all of the foregoing state and federal laws, rules and regulations prescribe certain actions or define the standard of conduct. Betty Ann Allen was and remains in the class of persons sought to be protected by each of these regulations and/or statutes. Moreover, Mrs. Allen's injuries were the type of harm that each of the regulations was intended to prevent according to the extent that Defendants' conduct violated these regulations. Such conduct amounts to negligence per se as that term is defined and known and understood at law. Each act

12

or omission constituting negligence per se was the proximate cause of Mrs. Allen's injuries and damages.

### FOR A THIRD CAUSE OF ACTION
### Vicarious Liability

52. The Plaintiff re-alleges and reiterates paragraphs 1 through 50 as though fully set forth herein verbatim and further alleges:

53. Betty Ann Allen experienced harm from the intentional acts, and/or in the alternative, negligent acts of the employees, servants, and/or agents of Defendants.

54. The wrongful conduct of the employees, servants, and/or agents of Defendants was related to their duties at Magnolia and committed within the course and scope of employment with Defendants.

55. The neglect and/or abuse of Betty Ann Allen by the employees, servants, and/or agents occurred within work related limits of time and place created by employment at Magnolia.

56. As a direct and proximate result of the intentional acts, and/or negligence and carelessness of the employees, servants, and/or agents of Defendants for which the Defendants are vicariously liable, Mrs. Allen experienced injuries to his mind and body causing her to experience pain and suffering and ultimately death.

### FOR A FOURTH CAUSE OF ACTION
### Corporate Negligence

13

57. That Plaintiff re-alleges and reiterates paragraphs 1 through 55 as though fully set forth herein verbatim and further alleges:

58. Defendants are the owners and operators of a facility entrusted with the care of vulnerable adults, and had a duty to manage and operate Magnolia in a manner that provided maximum safety from injury and maltreatment to the residents of Magnolia, including Mrs. Allen.

59. Defendants had a duty to protect Mrs. Allen from injury and maltreatment. This duty includes, but is not limited to:

    a. a duty to hire, retain and supervise their employees, servants and agents in a manner that minimizes the risk of neglect of the vulnerable adults residing at Magnolia;

    b. a duty to employ a sufficient number of staff to provide for the cares of the residents;

    c. a duty to ensure that personnel providing care to the residents of Magnolia are competent in the areas of:

        i. observing, reporting, and documenting client status and the care or services provided;

        ii. maintaining a clean, safe, and healthy environment;

        iii. the physical, emotional, and developmental needs of clients, and ways to work with clients who have problems in these areas, including respect for each client, the client's property and the client's family.

    d. a duty to establish and enforce an ongoing written policy and procedure in compliance with applicable licensing rules and regulations to ensure that staff are trained on preventing and recognizing adverse health conditions;

    e. a duty to establish and enforce an ongoing written policy and procedure in compliance with the applicable licensing rules and regulations to ensure that staff are trained on recognizing and reporting changes of condition; and,

f. by other negligent acts and/or omissions yet to be determined or defined.

53. Defendants were negligent in the operation of Magnolia resulting in harm to Mrs. Allen.

54. The Defendants negligently controlled and participated in the day-to-day operations, planning, management, and quality control of Magnolia. The Fundamental Defendants' corporate management put a priority on revenue at the expense of resident safety.

55. As a direct and proximate result of the negligence and carelessness of Defendants, Decedent experienced injuries to his mind and body, causing him to experience pain and suffering and ultimately death.

## FOR A SIXTH CAUSE OF ACTION
### Gross Negligence

56. The Plaintiff re-alleges and reiterates paragraphs 1 through 55 as though fully set forth herein verbatim and further alleges:

57. Mrs. Allen experienced conscious pain and suffering, mental anguish, and incurred medical bills.

58. The aforesaid acts and delicts were the sole and proximate cause of Decedent's damages and injuries.

59. The wrongful conduct of Defendants set forth in the negligence and negligence per se counts of this complaint was undertaken without regard to the health and safety consequences of Mrs. Allen who was entrusted to Defendants' care, and rises to the level of gross negligence in that Defendants' conduct was willful, wanton, reckless,

15

and clearly shows a conscious disregard for the health and safety of Betty Ann Allen.

## FOR A SEVENTH CAUSE OF ACTION
### (Wrongful Death)

60.    Relevant and consistent allegations contained in paragraphs 1 through 59 are incorporated by reference as if written verbatim herein.

61.    That the Plaintiffs institute this action in order to recover for decedent's injuries and wrongful death and for damages to the statutory heirs of Betty Ann Allen, deceased, pursuant to and under the authority of S.C. Code §15-51-10. Pursuant to S.C. Code §15-51-20, the wrongful death beneficiary is Decedent's mother. As a result of the death of Mrs. Allen, the wrongful death beneficiary has suffered grief and sorrow, mental shock and suffering, wounded feelings, loss of companionship, and deprivation of the use and comfort of the decedent's society.  These damages were the proximate result of the acts and delicts of Defendants.

62.    That as a direct and proximate result of Defendants' negligent, willful, wanton, reckless, careless and grossly negligent conduct, by and through their agents, servants, and employees, decedent was severely injured in Defendants' facility.

63.    That the injuries so inflicted on the decedent were the cause of decedent's wrongful death on April 29, 2013.

16

## FOR AN EIGHTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

64. Relevant and consistent allegations contained in paragraphs 1 through 63 are incorporated by reference as if written verbatim herein.

65. That, according to the South Carolina Adult Protection Act, at all times relevant hereto, Decedent was considered a vulnerable adult.

66. That Plaintiff trusted in, confided in and relied upon Defendants to use their expertise and discretion for Decedent's care.

67. That Defendants accepted Plaintiff's trust and reliance and so became responsible for Decedent's health while residing at the nursing home facility.

68. That as a result of aforementioned reliance and trust upon Defendants, Decedent's physical, mental and emotional health was placed in the hands of Defendants.

69. That Defendants breached this fiduciary relationship by allowing Mrs. Allen's physical, mental and emotional health to deteriorate during his residency at the nursing home facility, ultimately resulting in his death

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant for actual damages, punitive damages, special

17

damages, and consequential damages, in an amount to be determined by the jury at the trial of this action, fees, the costs and disbursements of this actions, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Lara Pettiss Harrill, Esquire
MCGOWAN, HOOD & FELDER, LLC
1539 Health Care Drive
Rock Hill, South Carolina 29732
Telephone: (803) 327-7800
Facsimile: (803) 328-5656
Lharrill@mcgowanhood.com

Rock Hill, South Carolina
November 24, 2015

18